UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIA JONES,

      Plaintiff,

v.                                                      CASE NO. 3:15-cv-208-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for period of disability and disability insurance benefits. Plaintiff alleges she became disabled on January 8, 2003. A hearing was held before the assigned Administrative Law Judge ("ALJ") on June 6, 2013, at which Plaintiff was represented by an attorney. (Tr. 43-72.) By a decision dated June 14, 2013, the ALJ found Plaintiff not disabled since January 8, 2003, the alleged onset date, through June 30, 2008, the date last insured. (Tr. 24-37.) The Appeals Council denied Plaintiff's request for review. (Tr. 1-6.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Plaintiff is appealing the Commissioner's decision that she was not disabled during the relevant time period.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.   Discussion**

Plaintiff argues one general point on appeal.  Plaintiff asserts that the ALJ failed to follow the Eleventh Circuit's credibility standard with respect to Plaintiff's pain testimony.  More specifically, Plaintiff asserts that the ALJ improperly evaluated Plaintiff's low back and knee pain complaints and that the ALJ's credibility determination is not supported by substantial evidence.

Defendant responds the ALJ properly evaluated and rejected Plaintiff's complaints regarding low back and knee pain.  Defendant further asserts that substantial evidence supports the ALJ's determination in this regard.  The undersigned agrees with Defendant and recommends that the decision be affirmed.

**A.   The ALJ's Decision**

The ALJ determined that Plaintiff had severe impairments through the date of last insured, including hypertension, obesity, bilateral carpal tunnel syndrome, and mild degenerative disc disease with history of chronic low back pain.  (Tr. 26.)  The ALJ then determined at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (Tr. 28-29.)

At Step Four, the ALJ found Plaintiff had the RFC to perform light work, but limited to the following restrictions:

> The [Plaintiff] [i]s able to lift/carry 10 pounds frequently, 20 pounds occasionally; and she c[an] sit, stand or walk 6 hours in a normal 8-hour workday.  The [Plaintiff] c[an] not climb ropes, ladders or scaffolds; she [i]s limited to no more than occasional climbing of ramps and stairs; and no more than occasional postural movements otherwise (i.e., bend, balance, stoop, squat, crouch, crawl, or kneel).  The [Plaintiff] [i]s limited to occasional push/pull tasks; and she c[an] reach, finger, feel, or grasp, frequently but not repetitively.  The [Plaintiff] c[an] not be exposed to unprotected heights or vibrations.

(Tr. 29.)  In making this finding, the ALJ considered Plaintiff's alleged pain symptoms.  Specifically, the ALJ found, "after careful consideration of the evidence," that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause [her] alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in [the ALJ's] decision."  (Tr. 33.)  Moreover, the ALJ ascribed significant weight to the opinions of Rodger Powell, M.D., one of Plaintiff's treating physicians.  (Tr. 34.)  The ALJ noted that Dr. Powell's medical source statements concerning Plaintiff's ability to return to light work "remains largely supported by the objective medical evidence as a whole." (Tr. 34.)

### B.   The ALJ Properly Discredited Plaintiff's Testimony

Plaintiff argues that the ALJ failed to follow the Eleventh Circuit's credibility

standard with regard to evaluating and discrediting Plaintiff's pain testimony regarding her chronic low back and knee pain.[2] The undersigned disagrees.

The Eleventh Circuit has established a three-part "pain standard" that applies when a claimant seeks to establish disability through her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). "If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Id.*

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.*

Once a claimant establishes that her "pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain," pursuant to 20 C.F.R. § 404.1529, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and

---

[2] Plaintiff contends only that the ALJ improperly evaluated her credibility regarding her chronic back and knee pain testimony. (Doc. 22 at 7-11.) To the extent that she believes the ALJ improperly evaluated her credibility regarding any other pain symptoms, she failed to address such arguments as required and has thus waived those arguments. *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (holding that claimant waived issue because he did not elaborate on the claim or provide citation to authority about his claim); *N.L.R.B. v. McCalin of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived").

laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; *see also* SSR 96-7p (stating that after the ALJ finds a medically determinable impairment exists, the ALJ must analyze "the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities").

When a claimant's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7p.

> When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements. . . . The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.[3] The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and

---

[3] These factors include: (1) a claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the claimant's pain or other symptoms; (5) any treatment, other than medication, received by the claimant to relieve the pain or other symptoms; (6) any measures used to relieve the pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 96-7p.

>to any subsequent reviewers the weight the adjudicator gave to the
>individual's statements and the reasons for that weight.

*Id.*

"[C]redibility determinations are the province of the ALJ," *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," *Foote*, 67 F.3d at 1562.

In the present case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible for the reasons explained in the decision. (Tr. 33.) These reasons included the lack of "lab data, objective medical assessments or positive clinical findings [in the record] suggesting the [Plaintiff's] impairments are of a severity to have entirely precluded her from work through her date last insured," the "inconsistent effort" given by Plaintiff at a 2003 Functional Capacity Evaluation ("FCE"), and the "broad spectrum of activities of daily living" performed by Plaintiff in light of her pain testimony. (Tr. 30-33.) In light of the explicit reasons provided by the ALJ for discounting Plaintiff's credibility, the undersigned rejects Plaintiff's argument that the ALJ failed to follow the Eleventh Circuit's credibility standard with regard to Plaintiff's pain testimony.

Moreover, the reasons provided by the ALJ are supported by substantial

evidence. As stated above, the ALJ found that the objective medical evidence failed to support the severity of Plaintiff's symptoms. (Tr. 30-32.); *see also* 20 C.F.R. § 404.1529(c)(2) (allowing the ALJ to consider objective medical evidence to assess the intensity and persistence of symptoms). As noted by the ALJ, medical reports from Plaintiff's treating and examining physicians document only mild to moderate clinical findings, if any. Treating physician Rigoberto Puente-Guzman, M.D. examined Plaintiff on July 13, 2004, based on Plaintiff's complaints of low back pain and hip pain radiating to her left knee. (Tr. 552.) Dr. Puente-Guzman found that Plaintiff could ambulate without assistance, switch easily from sitting to standing position without noted increased pain behavior, and climb on and off the examination table without increased pain behavior. (Tr. 554.) Dr. Puente-Guzman also noted that Plaintiff ambulates with a normal gait and station, has symmetrical hips, has adequate muscle tone without atrophy, has equal strength bilaterally in her extremities, and has no abnormal movements. (*Id.*) He reported that Plaintiff could walk on heels and toes, and perform squats without pain symptoms. (*Id.*) Dr. Puente-Guzman observed some tenderness to palpitation of Plaintiff's lower paraspinal musculature, but that she retained full range of motion in the neck, back, and legs. (*Id.*) He opined that Plaintiff could handle light duty status, full time, despite her back symptoms. (Tr. 556.)

In July 2004, Plaintiff underwent an MRI of the lumbar spine, performed by George Stanley, M.D. Dr. Stanley reported disc bulging at L4-5 and L5-S1 with

no other lumbar findings.  (Tr. 573.)  An x-ray exam performed by Sanjay Dave, M.D. in August 2004 revealed "intact SI joints with no ankylosis."  (Tr. 572.)  Further, Dr. Dave noted that Plaintiff's "lower lumbar vertebra demonstrate[d] no degenerative changes.  The sacrum is grossly normal.  There are no soft tissue abnormalities."  (*Id.*)

In August 2007, Plaintiff underwent an independent medical examination with Robert N. Ulseth, M.D.  (Tr. 585-85.)  Dr. Ulseth observed normal posture and no significant pain behavior displayed by Plaintiff as she moved from standing to sitting and back to standing.  (Tr. 583.)  Further, he noted that Plaintiff's gait was normal.  (Tr. 584.)  He found that Plaintiff had full strength in her extremities, intact sensation and coordination, and no lower extremity neurological deficits.  (*Id.*)  Dr. Ulseth also reported low lumbar tenderness, but stated that Plaintiff's back complaints were "very vague and generalized."  (*Id.*)  Based on the foregoing, the undersigned finds that substantial evidence confirms the ALJ's finding that the objective medical evidence of record belies the severity of Plaintiff's alleged back and knee pain.  *See, e.g., Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (affirming adverse credibility finding based on lack of objective medical evidence and mild examination findings, among other factors); *Watson v. Heckler*, 738 F.2d 1169, 1173 (11th Cir. 1984) (same).

The ALJ also considered the "inconsistent effort" given by Plaintiff at a 2003 FCE.  (Tr. 31); *see also* 20 C.F.R. § 404.1529(c)(3)(vii) and (c)(4)

(permitting an ALJ to consider other factors and record evidence of inconsistencies in evaluating pain). Although the FCE related to Plaintiff's wrist impairments, her treating physician, Dr. Powell, reported that the "fact that [Plaintiff] was found to be very inconsistent in her [FCE] ma[de] it difficult for [him] to determine her true desire to improve and return to work." (Tr. 570.) The reported inconsistency provides additional evidence supporting the ALJ's decision to discredit Plaintiff's testimony regarding pain. *See, e.g., Symonds v. Astrue*, 448 F. App'x 10, 13 (11th Cir. 2011) (affirming ALJ's finding that the claimant's subjective experience of pain was not credible because, in part, the claimant's symptoms appeared to be exaggerated).

Finally, the ALJ found Plaintiff's statements regarding pain not entirely credible due to the "broad spectrum of activities of daily living" performed by Plaintiff. (Tr. 33.) The ALJ's finding in this regard is supported by substantial evidence. Plaintiff testified that she lived independently. (Tr. 55.) She also testified that her grandchildren (who were 11 and 6 years old at the time) stayed with her regularly and that she would sometimes cook for them. (Tr. 55-56.) Further, Plaintiff testified that she performed housecleaning and grocery shopping. (Tr. 56-57.) She also stated that she drove every day approximately ten minutes to visit her mother and father. (Tr. 59-60.) Plaintiff testified that she watched TV and would sometimes walk and visit with her neighbor. (Tr. 56-57.)

Plaintiff argues that the ALJ erred in assessing her credibility because the

ALJ should have recontacted treating physician Dr. Puente-Guzman, the Plaintiff's diagnoses of back and knee pain with myofascial spasms support her testimony regarding pain, and the opinions of treating physician Huang Vu support her testimony regarding pain.  The undersigned rejects these arguments because they are without merit.

The Eleventh Circuit has held that the ALJ has the "duty to develop the record fully and fairly."  *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).  However, even in cases where a "special duty" arises for the ALJ to develop the record - - where the claimant is unrepresented by counsel at the hearing and has not waived the right to counsel - - the claimant must show prejudice occurred before a court will remand the case to the Secretary for reconsideration.  *See, e.g., Townsend v. Comm'r of Soc. Sec.*, 555 F. App'x 888, 891-92 (11th Cir. 2014) (per curiam); *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997) (per curiam); *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam).  A showing of prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from [Plaintiff]), or that the ALJ did not consider all of the evidence in the record in reaching his decision."  *Kelley*, 761 F.2d at 1540.  The "relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."  *Id*.

Here, Plaintiff has not shown that the records reveal evidentiary gaps that

result in unfairness or clear prejudice.  Plaintiff does not argue that the ALJ failed to consider all of the evidence of record in reaching her decision or that there were missing records that contain significant information pertaining to Plaintiff's claim of disability.  *See, e.g., Cline v. Astrue*, Case No.: 8:10-cv-465-T-TGW, 2011 WL 3563106 at *9 (M.D. Fla. Aug. 10, 2011) ("[E]ven assuming that there are [missing] records, the plaintiff does not show that the records may contain significant information pertaining to her claim of disability.").  Rather, Plaintiff argues that the ALJ should have recontacted Dr. Puente-Guzman to obtain a medical source statement or interrogatories prior to making a disability determination.  However, as noted by the Commissioner, "the [Plaintiff] bears the burden of proving that [s]he is disabled, and consequently, [s]he is responsible for producing evidence in support of [her] claim."  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  It was up to Plaintiff to contact her doctors to obtain medical opinions and Plaintiff cannot now blame the ALJ for failing to do so.  *See, e.g., Cline*, 2011 WL 3563106 at *9 ("Consequently, the lawyer, or the plaintiff, should have recontacted the doctors in an attempt to obtain better opinions.  The plaintiff cannot plausibly blame the law judge for not doing so.").

Plaintiff also fails to explain how the absence of additional medical opinions from Dr. Puente-Guzman precluded the ALJ from making an informed disability determination or how these opinions would have affected the overall disability determination.  *See, e.g. Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303,

305 (11th Cir. 2009) ("[The plaintiff] does not explain how the absence of a mental RFC assessment from the record precluded the ALJ from making an informed disability determination. Nor does she explain how such assessment would have affected the ALJ's overall disability determination.")

Further, diagnoses of back and knee pain with myofascial spasms alone are insufficient to show error in the ALJ's credibility analysis. *See, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of . . . impairments does not reveal the extent to which they limit [Plaintiff's] ability to work or undermine the ALJ's determination in that regard.")

Finally, opinions (such as the opinions of Dr. Vu) rendered after Plaintiff's date of last insured are of little relevance to the ALJ's disability determination and Plaintiff appears to recognize as much. *See* Doc. 22 at 8-9; *see also Caces v. Comm'r of Soc. Sec.*, 560 F. App'x 936, 940 (11th Cir. 2014) (holding that the ALJ correctly gave little weight to medical opinions from a doctor who began treating the plaintiff after the date last insured); *Carroll v. Comm'r of Soc. Sec.*, 453 F. App'x 889, 893 (11th Cir. 2001) (holding that the ALJ had good cause to reject an opinion based, in part, on a treating relationship established after the plaintiff's date last insured); *Goff ex rel. Goff v. Comm'r of Soc. Sec.*, 253 F. App'x 918. 921 (11th Cir. 2007) (holding that the ALJ properly rejected a treating source statement that appeared to relate only to period of time after date last insured). Even if the undersigned were to accept Dr. Vu's opinions as a showing of

disability, the opinions would not undermine the ALJ's ultimate determination. *See, e.g., Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) ("'If a claimant becomes disabled [a]fter [s]he has lost [her] insured status, [her] claim must be denied despite [her] disability.'") (quoting *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)) (alterations in original). Accordingly, the ALJ properly evaluated Plaintiff's credibility.

### III. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the undersigned recommends that the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 15, 2015.

                    MONTE C. RICHARDSON
                  UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record